```
                                                    F I L E D

                                                  10 SEP 15 PM 3:44

                                                  CLERK, U.S. DISTRICT
                                                  SOUTHERN DISTRICT OF CALIF

                                                  BY:              DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br>STEPHEN KADER; et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 10-cv-1894 BEN (POR)<br><br>ORDER REMANDING CASE TO STATE COURT |

　　　　For the reasons set forth herein, the Court remands sua sponte the above-captioned action to San Diego Superior Court.

　　　　This action is an unlawful detainer action initially filed in San Diego Superior Court, Central Division. The Complaint alleges that Plaintiff is the owner of real property located at 7126 Ballinger Avenue, San Diego, California 92119. (Compl,. ¶¶ 2, 4-5, Ex. A.) Plaintiff alleges it served Defendants with written notice to vacate the property, but Defendants failed to vacate the property and continue to fail to vacate the property. (*Id.* at ¶¶ 6-8.) Plaintiff seeks, among other things, possession of the property and payment for the reasonable rental value of the property. (*Id.* at p. 3.)

　　　　On September 10, 2010, Defendant Stephen Kader filed a Notice of Removal, thereby removing the action to this Court. (Docket No. 1.)

　　　　Section 1447(c) of title 28 of the United States Code provides "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). After reviewing the Complaint, the Court finds it lacks subject matter

1 | jurisdiction.

2 | Removal jurisdiction statutes are strictly construed against removal. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "The burden of establishing federal jurisdiction falls on the party invoking removal." *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930 (9th Cir. 1994) (quoting *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 771 (9th Cir. 1986)). Removal is proper only if this action could have originally been filed in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) (emphasis added). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ( "[N]either an affirmative defense based on federal law. . . nor one based on federal preemption. . . renders an action brought in state court removable.").

After reviewing the Complaint, the Court finds it lacks subject matter jurisdiction. Plaintiff's claims do not arise under federal law, nor is there evidence of diversity jurisdiction. To the extent Kader argues in the Notice of Removal that various lending institutions have violated his civil rights, the Court notes that no party has pled those claims in this action; therefore, those claims cannot serve as a basis for jurisdiction. The Court also notes that Kader's removal is defective in that the Notice of Removal was not filed with the consent of the other named defendants. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-33 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties."). Kader's removal may also violate the thirty (30) day deadline for seeking removal under 28 U.S.C. § 1446.

In light of the above, the Court hereby remands this case sua sponte to the San Diego Superior Court.

**IT IS SO ORDERED.**
Date: September 14, 2010

Hon. Roger T. Benitez
United States District Court Judge